IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TROY WORSLEY,

      Plaintiff,

v.                                                                     Civil Action No. 1:19cv213
                                                                   (Judge Kleeh)

EDDIE ANDERSON and ALICIA WILSON,

      Defendants.

**REPORT AND RECOMMENDATION ON LETTER MOTION FOR
RENEWED MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

**I. Background**

The *pro se* Plaintiff, an inmate at FCI Gilmer in Glenville, West Virginia, initiated this action on December 3, 2019, by filing a form Bivens[1] civil rights complaint and indicating his intent to file a Federal Tort Claim Act ("FTCA) action in the future. ECF No. 1. Plaintiff's complaint alleged an Eighth Amendment claim of deliberate indifference to a serious medical need, contending that he had been trying unsuccessfully for over a year and a half to get the Bureau of Prisons ("BOP") to order an MRI to accurately diagnose a problem with his pectoral muscle or tendon, but that the BOP would not provide the testing.[2]

On February 24, 2020, Plaintiff filed a combined motion for leave to supplement the complaint and for preliminary injunctive relief. ECF No. 15. In his motion for injunctive relief, Plaintiff argued that after waiting more than 19 months for the BOP to order an MRI to image his torn pectoral muscle; he finally received the MRI on January 23, 2020, only to discover later that

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Plaintiff's complaint explains that the injury occurred on April 10, 2018, while he lifting weights at FCI Raybrook in New York, when he felt a "pop" in his left pectoral area. ECF No. 1 at 7 – 8.

the MRI had been ordered on the wrong area, and had thus failed to obtain imaging of the injured area. ECF No. 15 at 1 – 2. He sought an Order from this Court, directing the BOP to perform an immediate second MRI of his "injured chest area" and to schedule a consultation with an orthopedic surgeon within 21 days after the MRI. Id. at 3.

By Order entered March 4, 2020, Plaintiff's motion to supplement was granted and his motion for preliminary injunctive relief[3] was denied without prejudice as premature, given that the Defendants had not yet been directed to respond to the complaint and it was unclear whether Plaintiff had been correctly informed by the MRI technician as to the area imaged. ECF No. 16. Plaintiff was advised that the Defendants would be directed to produce a copy of the MRI report when they filed their response. Id. That same day, an Order Notifying Plaintiff of the Potential Consequences of Pursuing Both a FTCA and Bivens Action was entered. ECF No. 17. Plaintiff was provided with a copy of a form FTCA complaint, and directed to file an attached Notification form with the Court within 21 days, advising whether, in consideration of the information provided in the Order, he wished to proceed only on the Bivens, or continue with both the Bivens and the FTCA actions.  Id.

On March 20, 2020, the Plaintiff filed a letter to the undersigned, seeking, pursuant to Fed.R.Civ.P. 59(e) or 60 [sic], to "reinstate" his request that this Court direct the BOP to immediately arrange for Plaintiff to have another MRI and an orthopedic consult. ECF No. 20. Although he did not attach the Notification provided, Plaintiff also indicated his intent to proceed only on his Bivens claims at the present time, because his FTCA claim "would be premature due to the exhaustion requirement." ECF No. 20.  Plaintiff further asserted that he has obtained confirmation from BOP medical personnel that the wrong area was indeed imaged and assured

---

[3] Plaintiff requested that the Court direct that an MRI be performed of his injured pectoral muscle, noting that an MRI had been performed on January 23, 2020 but that it had been performed on the wrong area.

that a new MRI would be ordered; however, he contends that because BOP protocol on obtaining diagnostic testing is a very lengthy process, his suffering demands that he obtain an immediate second MRI. Id.

An Order to Answer and Direction to Defendants to Attach Copies of MRI Report(s) to Their Response was entered on March 26, 2020. ECF No. 21.

Plaintiff's letter to the undersigned has been construed as a letter motion seeking to renew his motion for preliminary injunctive relief. It is now before the undersigned for a Report and Recommendation

## II. Analysis

A preliminary injunction is "an extraordinary remedy that only may be awarded upon a clear showing that the plaintiff is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.2d 287, 290 (4th Cir. 2011)(quoting Winter v. Natural Res. Def. Counsel, Inc., 55 U.S. 7 (2008)); see Peterson v. National Telecommunications & Information Admin., 505 F. Supp.2d 313, 317 (E.D. Va. 2006)(quoting Direx Israel Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992))(recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits;" (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief;" (3) "that the balance of equities tips in his favor;" and (4) "that an injunction is in the public interest." Dewhurst, 649 F.3d at 290 (internal quotation marks and citations omitted); See Direx v. Israel, 952 F.2d at 812) (indicating that the moving party bears the burden of demonstrating the propriety of a preliminary

injunction). In Dewhurst, after setting forth the above four-part test, the United States Court of Appeals for the Fourth Circuit separately highlighted the fact that controlling precedent from the Supreme Court of the United States requires that a plaintiff "**clearly show**" that he is likely to succeed on the merits. Id. Winter, 555 U.S. at 22. (emphasis added.).

The demanding standard outlined above becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo pending trial. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief'). As explained by the Fourth Circuit:

> Ordinarily, preliminary injunctions are issued to "protect the status quo and to prevent irreparable harm during the pendency of the lawsuit or alternately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litg., 333 F.3d 517, 525 (4th Cir. 2003). Movant, however, seeks to alter the status quo by having a federal court order the Board to include his name on a primary election ballot. But such "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Id. (citation omitted). Consequently, our "application of th[e] exacting standard of review [for preliminary injunctions] is even more searching when the relief requested "is mandatory rather than prohibitory in nature." Id.

Here, the Plaintiff requests that this Court issue a preliminary injunction directing the Defendants to immediately have another MRI performed and then provide Plaintiff with an orthopedic consult within three weeks. However, an analysis of the Dewhurst factors reveals that Plaintiff's motion for preliminary injunction fails as he has not made a clear showing that he is likely to succeed on the merits of his Complaint. While Plaintiff's allegations regarding denial of his constitutional rights may be sufficient to survive summary dismissal, the Defendants have yet

to file their response, and therefore, the record presently before the undersigned is insufficient to demonstrate whether Plaintiff is entitled to the relief he seeks. Further, upon the filing of the Defendants' response, there may be revealed as-yet unknown hurdles to Plaintiff's claims, including, but not limited to, the fact that the medical records may not support his claims and the two medical defendants, BOP employees, may be entitled to various immunities. Moreover, although Plaintiff has not yet done so, he has indicated his intent to file Complaint under the Federal Tort Claim Act raising a claim under the West Virginia Medical Professional Liability Act ("MPLA") codified at W.Va. Code § 55-7B-6. However, Plaintiff has not provided any expert opinion regarding the applicable standard of care for his medical condition or demonstrated or how that applicable standard of care was breached.

Therefore, based upon the record currently before the court, Plaintiff has not clearly shown that he is likely to succeed on the merits of his claims. Because Plaintiff has not made the necessary showing as to the first factor, it is not necessary to even reach the other factors. See Dewhurst, 649 F.3d at 293 (if a party cannot establish one of these factors, the court cannot grant a preliminary injunction to the movant).

### III. Recommendation

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that the Plaintiff's renewed Motion for Preliminary Injunction and Temporary Restraining Order [ECF No. 22] be **DENIED**.

The Plaintiff is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to United States District Judge Thomas S. Kleeh. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States

District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket and to any counsel of record via electronic means.

DATED: March 30, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE