```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

TROY WORSLEY,

        Plaintiff,

  v.                              Civ. Action No. 1:19-CV-213
                                          (Judge Kleeh)

EDDIE ANDERSON and
ALICIA WILSON,

        Defendants.


**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE [DKT. NOS. 24, 62], GRANTING MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 37], DENYING MOTIONS TO AMEND [DKT. NOS. 45, 48], DENYING MOTIONS FOR EQUITABLE RELIEF AND FOR LEAVE TO FILE AMENDED COMPLAINT [DKT. NO. 22, 51, 66], DISMISSING PROPOSED FTCA COMPLAINTS [DKT. NOS. 47, 50] WITHOUT PREJUDICE, DENYING MOTIONS FOR EXTENSION [DKT. NOS. 75, 76], AND DISMISSING COMPLAINT [DKT. <u>NO. 1] WITH PREJUDICE</u>**

## I. Introduction and Procedural History

On December 3, 2019, the <u>pro se</u> Plaintiff, Troy Worsley ("Worsley" or "Plaintiff"), an inmate at FCI Gilmer in Glenville, West Virginia, filed a <u>Bivens</u>[1] civil rights complaint and a motion to proceed as a pauper [Dkt. Nos. 1, 2]. Plaintiff filed a motion for preliminary injunctive relief [Dkt. No. 15] which was denied [Dkt. No. 16]. He filed a document stating that he intended to

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). In <u>Bivens</u>, the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities.

only pursue a Bivens action and not one under the Federal Tort Claims Act ("FTCA") [Dkt. NO. 20], and filed a renewed letter motion for preliminary injunctive relief [Dkt. NO. 22]. A March 30, 2020, Report and Recommendation ("R&R") was entered [Dkt. No. 24] recommending the denial of that motion. No objection to the R&R was filed.

Defendants filed a motion to dismiss or motion for summary judgment on June 15, 2020 [Dkt. No. 37], and on August 24, 2020, Plaintiff filed duplicate FTCA complaints [Dkt. Nos. 47, 50], duplicate responses in opposition to Defendants' dispositive motions [Dkt. Nos. 46, 49], and duplicate motions for leave to file an amended Bivens complaint [Dkt. Nos. 45, 48]. Plaintiff filed another motion for injunctive relief [Dkt. No. 51]. Defendants filed a response to Plaintiff's motions to amend and motion for equitable relief [Dkt. Nos. 56, 57].

The matter was referred to United States Magistrate Judge for initial screening and proposed recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On March 30, 2020, Magistrate Judge Michael J. Aloi entered a R&R recommending that Plaintiff's second motion for preliminary injunction [Dkt. No. 222] be denied. No objections were filed to the R&R; accordingly, the R&R [Dkt. No. 24] is **ADOPTED** and the motion for preliminary injunction [Dkt. No. 22] is **DENIED**. The magistrate judge issued another R&R on December 18, 2020 [Dkt. No. 62] recommending that

Case 1:19-cv-00213-TSK   Document 77   Filed 03/31/21   Page 3 of 7   PageID #: 847

Worsley v. Anderson, et al.                    Civ. Act. No. 1:19cv213

the motion to dismiss or motion for summary judgment [Dkt. No. 37] be granted and that Plaintiff's remaining motions [Dkt. Nos. 45, 48, 51] be denied. The magistrate recommended dismissal with prejudice Plaintiff's Bivens complaint, and dismissal without prejudice Plaintiff's proposed FTCA complaints [Dkt. Nos. 47, 50]. The December 18, 2020, R&R was delivered to Plaintiff on December 22, 2020 [Dkt. No. 64], and Plaintiff filed a motion for extension of time to file objections [Dkt. No. 65]. That motion was granted by order entered on February 8, 2021 [Dkt. No. 68], and Plaintiff was given until March 1, 2021, by which to file objections to the R&R [Dkt. No. 62]. Plaintiff filed a letter motion to stay responses and objections [Dkt. No. 69] which was denied by Order entered on February 9, 2021 [Dkt. No. 70]. Plaintiff also filed an omnibus motion for leave to file an amended complaint [Dkt. No. 66]. The Court's Orders addressing the March 1, 2021, due date for objections were served on Plaintiff on February 11 and 12, 2021, respectively [Dkt. Nos. 71, 72]. Rather than file objections addressing the R&R [Dkt. No. 62], Plaintiff Worsley filed two successive motions for extensions of time [Dkt. No. 75, 76].

In the R&R [Dkt. No. 62], Magistrate Judge Aloi informed the parties of their right to file specific written objections within fourteen (14) days of being served with the R&R [Id. at 24]. The objections were to identify "the portions of the Report and Recommendation to which objection is made, and the basis of such

objection" [Id.]. Plaintiff received the R&R on December 22, 2020 [Dkt. No. 64], and filed a motion for extension which was granted, allowing Plaintiff until March 1, 2021, by which to file objections. To date, no objections have been filed.

## II.  Standard of Review

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

Timely, specific objections are necessary to focus the court's attention on disputed issues. Thomas v. Arn, 474 U.S. 140, 148 (1985). General objections to a magistrate judge's report

4

and recommendation are tantamount to a failure to object because they do not direct the court's attention to any specific portions of the report.  Howard v. Secretary of Health & Human Servs. 932 F.2d 505, 529 (6th Cir. 1991); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is not required where objections are general and conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection.").

As previously noted, while Plaintiff received the R&R [Dkt. No. 62] on December 22, 2021 [Dkt. No. 64], and has filed multiple motions for extension and a new omnibus motion for leave to file an amended complaint [Dkt. No. 66], Plaintiff has failed to object to the R&R.  Further extensions are not justified in this matter and the Court reviews the R&R to which the Plaintiff has not objected for clear error.

### III. Discussion

The Court finds that the Magistrate Judge properly analyzed the law governing Bivens claims and applied the law to the facts as alleged in the pleadings.  Plaintiff failed to exhaust his administrative remedies regarding his claims related to health care received at FCI Ray Brook in New York before filing suit in

this matter, and none of his claims rise to the level of Eighth Amendment violations. Additionally, Plaintiff has never attempted to correct deficiencies with his administrative remedy and has not filed any administrative remedy for health care he received once transferred to FCI Gilmer. His failure to exhaust his Bivens claim, alleging deliberate indifference to serious medical needs by FCI Gilmer medical Defendants, cannot be excused and warrants dismissal. As to Plaintiff's proposed FTCA complaint, filed without supporting memorandum, Plaintiff has not satisfied the Medical Professional Liability Act ("MPLA") and is not excused from filing a screening certificate of merit. Accordingly, the proposed complaint must be dismissed. While Plaintiff attempts to amend his Bivens complaint to add another individual Defendant, that is K. Sorrell, an employee of FCI Ray Brook and citizen of New York, such amendment is futile because Plaintiff has still failed to exhaust his administrative remedies which bars the claim. Finally, there is no justification for Plaintiff's requests for injunctive relief related to FCI Gilmer's mail policies. There is no merit to Plaintiff's case and the Court agrees with the magistrate judge's findings in each R&R [Dkt. Nos. 24, 62].

## IV.  Conclusion

The Court is of the opinion that the Magistrate Judge's Report and Recommendations [Dkt. Nos. 24, 62] accurately reflects the law

Case 1:19-cv-00213-TSK   Document 77   Filed 03/31/21   Page 7 of 7   PageID #: 851

Worsley v. Anderson, et al.                              Civ. Act. No. 1:19cv213

applicable to the facts and circumstances before the Court. Accordingly, it is

**ORDERED** that the Report and Recommendations [Dkt. Nos. 24, 62] be **AFFIRMED** and **ADOPTED** in their entirety;

**ORDERED** that the motion to dismiss or motion for summary judgment [Dkt. No. 37] be **GRANTED**;

**ORDERED** that the motions to amend [Dkt. Nos. 45, 48] and motions for equitable relief [Dkt. Nos. 22, 51, 66] be **DENIED**;

**ORDERED** that the proposed FTCA complaints [Dkt. Nos. 47, 48] be **DISMISSED WITHOUT PREJUDICE**;

**ORDERED** that the Bivens Complaint [Dkt. Not. 1] be **DISMISSED WITH PREJUDICE**; and

**ORDERED** that Plaintiff's motions for extension [Dkt. No. 75, 76] be **DENIED**.

The Court further **DIRECTS** the Clerk to enter judgment in favor of Defendants and that this matter be **STRICKEN** from the Court's docket.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to the pro se Plaintiff, by certified mail, return receipt requested.

**DATED:** March 31, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE